# Bannerot, Appellant, *v.* Davidson.

*Equity—Jurisdiction—Specific performance—Contract.*

1. A court of equity will not enforce a contract unless it can be enforced as an entirety, and if by the acts of a party or by reason of the circumstances it has become impossible to carry it out as a whole, the court will leave the parties to their remedies at law.

2. Where three adjoining landowners agree in writing to open a private way across the extreme ends of their lots, and the writing is not recorded, and one of the owners sells his lot without giving notice

of the agreement to the purchaser, who refused to be bound by it, equity will not enforce the contract as between the other two owners. FELL and MESTREZAT, JJ., dissent.

Argued Oct. 18, 1909.   Appeal, No. 211, Oct. T., 1908, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1907, No. 651, dismissing bill in equity in case of Frederick G. Bannerot v. H. M. Davidson and Samuel Holmes.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.   Before FRAZER, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*W. H. S. Thomson*, with him *Frank Thomson* and *Dunn & Moorhead*, for appellant.—This is an easement created by grant and not a mere license.

Even a license may become an agreement on valuable consideration and irrevocable, as where its enjoyment is preceded by the expenditure of money: Rerick v. Kern, 14 S. & R. 267.

*George E. Alter*, with him *M. L. Thompson*, for appellees.—The court properly held that the alley was destroyed by the sale of the Naylor lot and the repudiation of the agreement by the purchaser: Guest v. Homfray, 5 Ves. Jr. 818; Heaphy v. Hill, 2 Sim. & St. 29; Watson v. Reid, 1 Russ. & M. 236; Walker v. Jeffreys, 1 Hare, 341.

The principles which have been applied where a right of common, extending over the lands of several persons, has been extinguished as to the land of one person, seem to be applicable to this case: Rotherham v. Green, 1 Cro. Eliz. 593; Tyrringham's Case, 4 Co. 36.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:
This was a bill in equity filed by Frederick G. Bannerot against H. M. Davidson and Samuel Holmes, praying for an injunction to restrain the defendants from excavating and

grading, or erecting a building, upon land over which the plaintiff claimed a right of way.  After hearing on bill, answer and proofs, the trial judge recommended that the bill be dismissed without prejudice to any right the plaintiff might have 'to proceed at law against either or both the defendants.  Exceptions to the findings of the trial judge were dismissed, and plaintiff has appealed.

From the findings of facts by the trial judge, it appears that Bannerot, Davidson and Naylor owned three adjoining lots of ground in Allegheny, extending along Perrysville avenue from Richey avenue to Dunlap street.  Upon October 16, 1905, for their mutual advantage, they agreed in writing to create a private alley, or right of way, eight feet wide, across the extreme end of said lots, extending from Richey avenue to Dunlap street, for the purpose of affording access to all three of the lots from the rear.  They also agreed, in case of sale by any of them to convey the property subject to the terms of this agreement.  For some reason best known to themselves they further stipulated that the written agreement should not be recorded for a period of two years from its date; and it was not recorded.  Afterwards Naylor sold his lot to H. M. Lindsay, without giving him notice of the agreement for the creation of the right of way above referred to, and Lindsay consequently refused to be bound by it or to recognize its terms, so that it became impossible to open the right of way extending through at the rear of the three lots from street to street, as had been provided for in the contract between the original parties.

On July 19, 1907, Davidson, the defendant here, served upon plaintiff, Naylor and Lindsay, a written notice requiring them to open the roadway or easement eight feet wide, provided for in the agreement, extending from Richey avenue to Dunlap street, and also to build the retaining wall referred to therein, and further notifying them that in case of their failure to do so within ten days from the date of the notice, he would construct the retaining wall at his own expense, and close the roadway over his lot, and would consider the agreement null and void.  No action was taken, in response to this notice, and

after the expiration of the time specified, Davidson began the erection of a brick stable at the rear end of his lot, close to the line of plaintiff's lot, and directly across the right of way provided for in the agreement, Samuel Holmes, the other defendant, having the contract for the work.

From August 15, 1907, until September 5, 1907, the defendant and plaintiff were neighbors, residing on their adjoining lots, the properties involved in this suit, the work upòn the stable proceeding from day to day from the time it was commenced until its completion. Plaintiff was aware of the building being constructed, and on September 5, 1907, when the brick walls were almost ready to have placed thereon the ceiling joists, filed the bill in this case and made application for a restraining order, defendant at that time having obligated himself to contractors for the expenditure of about $1,400 in and about the erection and construction of the stable, plaintiff making no objection or protest against the building until the bill in this case was filed.

Plaintiff's contention is, that defendant by the erection of the stable referred to, is violating the provisions of the agreement of October 16, 1905, and depriving him of the right of way provided for therein. Defendant's contention is, that the agreement was rendered void, first, in the conveyance by Naylor and wife to Lindsay which deprived defendant of the use of that portion of the right of way intended to afford him access to Dunlap street; and, second, because of the failure of plaintiff and Naylor to construct the retaining wall along the property of Mrs. McCall, as provided for in the agreement.

In his conclusion of law, the learned trial judge points out that the agreement to provide the right of way might have been made binding upon purchasers as well as upon the parties, had the paper been recorded; that presumably the advantage of access to all the properties from either street was one of the controlling reasons for the agreement; and that, as the case now stands, the agreement cannot be carried out as a whole. His final conclusion is, "As the whole scheme contemplated by the parties to the agreement of October 16, 1905, cannot be carried out by reason of the failure by one of the

parties to abide by its terms, the others are relieved of its provisions." In other words, the proposition is, that a court of equity will not enforce a contract, unless it can be enforced as an entirety, and if by the acts of a party or by reason of the circumstances, it has become impossible to carry it out as a whole, the court will leave the parties to their remedies at law. Authority to support this proposition may be found in Bispham's Equity (8th ed., 1909), sec. 376, in the suggestion that where the real intention of the parties can no longer be carried into effect, or if it cannot be enforced in its entirety, specific performance will be refused. Also in 2 Beach on Mod. Eq. Jurisp. (1892), sec. 623, where it is said that, "The general rule is that the court must be able specifically to execute every part of the contract and at the time the interposition is called for."

The rule is so reasonable and just, that no extended quotation of authority to sustain it need be made. Where there has been a failure, or a partial failure of the consideration for a contract, a court of equity ought not to compel specific performance of a part of the contract, for this would be to require the performance of something not agreed upon by the parties. A contract cannot properly be enforced by piecemeal. The only consideration moving to Davidson in this matter was the advantage of access to his property from the rear, and in driving through from street to street. When the possibility of that means of access was destroyed by one of the parties, in the sale of his lot without giving notice of the agreement to the purchaser, the consideration for the contract wholly failed, in so far as Davidson was concerned, and it would be an injustice to enforce the opening of the right of way over his lot, when it could not be opened from street to street. The agreement made by the parties was not for a right of way, or easement, over one lot, or over two lots, but it was for a right of way over the three lots, as a complete thing, and for the specific purpose of permitting passage from street to street, and in either direction. It may be further suggested that this agreement could hardly have been intended by the parties to have certain and lasting effect from its date, for they voluntarily

left the way open for its possible annulment, by providing that it should not be placed upon record within two years, thus taking the chance of a sale by any of the parties within that time, to a stranger without notice. And as it turned out, the very contingency which they thus made room for did occur.

We think that a court of equity should not now interfere in this case, in favor of one of the parties, since it is not possible to do justice to the other party, by enforcing the entire contract according to its terms. Under this view of the case, it becomes unnecessary to consider whether or not the plaintiff was guilty of such laches as would prevent him from invoking the aid of equity.

The decree of the court below dismissing the bill is affirmed, and this appeal is dismissed at the cost of the appellant.

FELL and MESTREZAT, JJ., dissent.