Jones et al., Appellants, *v.* Gravity Fill Service Station, Inc.

Argued October 4, 1948. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*James P. McArdle,* for appellants.

*Kenneth G. Jackson,* with him *J. Ronald Johnston,* and *Thorp, Bostwick, Reed & Armstrong,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1949:

Plaintiffs, J. Byron Jones and Allan L. Behler, filed this action of equitable ejectment against defendant, Gravity Fill Service Station, Inc., to secure specific performance of a contract for the sale of certain real estate situated in Patton Township, Allegheny County. Preliminary objections were filed to the declaration and plaintiffs replied thereto. After argument, the learned court en banc sustained the preliminary objections and dismissed the action. Plaintiffs took these appeals.

In the pleadings the following pertinent facts are admitted: Louise MacMaster, a widow, owned an undivided three-fourths interest and Florence Litts, a widow, and Angus D. MacMaster, single, owned the other undivided one-fourth interest in a 205.54 acre tract of land in Patton Township. On March 13, 1944, these tenants in common entered into a written contract for the sale of this property to plaintiffs for the consideration of $31,500. The agreement provided, among other things, that the hand money of $1500 was to be paid at the time the contract was executed and that the sale was to be consummated on or before April 12, 1944. It also contained the following provision: "It is understood and agreed that if the parties of the first part [the grantors] for any reason are unable to sufficiently grant the within described premises clear of all encumbrances, the only obligation upon the grantors is the return of the Fifteen hundred and 00/100 ($1500.00) Dollars hand money paid on account of this purchase." Plaintiffs paid the hand money in accordance with the terms of the contract, and the agreement was duly recorded. Later by mutual consent the closing date was postponed to August 16, 1944.

A controversy arose between the parties after the contract's execution because a prior deed in the chain of title purported to create building restrictions affecting the property. It is apparent from the pleadings that the parties do not agree as to just what happened between them after this encumbrance was discovered. Plaintiffs aver that they demanded that the owners proceed to secure a declaratory judgment determining the effect of the prior deed and that they, plaintiffs, offered to pay the expense incident to such proceedings. Defendant, on the other hand, claims that plaintiffs did not offer to pay the expense and admit that no such proceeding was ever instituted. While this disagree-

ment still prevailed, and two months after the postponed date for closing, Mrs. MacMaster, the owner of the undivided three-fourths interest in the land, died on October 25, 1944.

Defendant, on November 20, 1944, offered to purchase the real estate in question from the owners for $31,500, the same consideration which plaintiffs, under the agreement of March 13, 1944, had contracted to pay. The personal estate of decedent, Mrs. MacMaster, together with rents of any real estate of which she died seized, being insufficient to pay all her just debts and expense of administration, on January 5, 1945, the executor of her estate petitioned the Orphans' Court of Allegheny County, under the provisions of Section 16 of the Fiduciaries Act of June 7, 1917, P. L. 447, for leave to make private sale of the decedent's three-fourths interest in the property and to join with Mrs. Litts and MacMaster, the owners of the other one-fourth interest, in a deed to defendant corporation of all interests in the tract for the total consideration of $31,500. This petition contained, inter alia, the following averments: "That the said J. Byron Jones and Allan Behler, by their Attorney, N. R. Criss, Esq., have refused to carry out their aforesaid agreement to purchase the said property subject to the said building restrictions, and have been insisting that the proposed vendors, Florence Litts, Angus D. MacMaster and Decedent, Louise MacMaster, bring Declaratory Judgment proceedings to determine the extent to which the said building restrictions apply. That your Petitioner has been advised and believes, and, therefore avers that under the terms of said Agreement of Sale they are under no obligation to bring such a proceeding, and that their only obligation is to return the $1500.00 hand money, which they are ready and willing to do." Plaintiffs were given notice of this proceeding. They filed no answer,

but did appear by counsel and he objected to the entry of the decree permitting such sale, on the ground that plaintiff's contract of March 13, 1944, gave them an equitable interest in the premises. The orphans' court overruled this objection and entered the decree as prayed for. In due course a deed for the property was executed and delivered to defendant corporation. Since that time defendant has sold and conveyed portions of the 205.54 acre tract to various persons and some of these persons have since reconveyed to others. Defendant now retains title to 136.334 acres of the original tract.

Plaintiffs in this present proceeding seek to recover from defendant corporation the 136.334 acres still owned by it, and they tender, in their declaration, the sum of $19,895.97, plus interest from August 16, 1944. The tendered sum is the same proportion of the total consideration of $31,500 that defendant's 136.334 acres is of the total acreage of 205.54 acres covered by the agreement of March 13, 1944.

Defendant corporation, being grantee of Mrs. Litts, Angus D. MacMaster and the Executor of the Estate of Mrs. MacMaster, Deceased, is a stranger to the Estate of Mrs. MacMaster, and, therefore, we are convinced that the court of common pleas had jurisdiction in the present proceeding: *Colison Estate,* 356 Pa. 531, 52 A. 2d 184. In this connection, this Court said, in *Fry's Estate,* 270 Pa. 24, 26, 112 A. 757: ". . . what we have here is a claim of title to a piece of land by a vendee under articles of agreement, out of possession, against a vendee in possession under a duly delivered deed; the court of common pleas and not the orphans' court has jurisdiction of such a controversy . . ." Obviously, in an action for specific performance the orphans' court would have had exclusive jurisdiction as to the three-fourths interest of Mrs. MacMaster if she had died possessed thereof and the real estate remained in her

estate at the time such action was brought against her executor: Section 18, Fiduciaries Act of June 7, 1917, P. L. 447. Whether that tribunal, under those circumstances, has exclusive jurisdiction to direct specific performance as to the undivided one-fourth interest which the living vendors owned need not here be decided.

It at once appears that there are a number of reasons why the order of the learned court en banc dismissing the action must be affirmed. Plaintiffs, in the present controversy, cannot recover. First, because they seek partial specific performance of an indivisible contract for the sale of land. They attempt to compel a purchaser of their vendors to convey 136.334 acres (a mere part of the tract which plaintiffs contracted to purchase) for $19,895.57, which is but a proportional part of the agreed purchase price of $31,500. Under the contract of March 13, 1944, a single tract of land was to be sold for a single price, and clearly the transaction was not intended to be severable. See *Lucesco Oil Co. v. Brewer*, 66 Pa. 351; *Bannerot v. Davidson*, 226 Pa. 287, 75 A. 417. It is well settled, as stated in Bispham's Principles of Equity (10th ed.), p. 607: ". . . where the real intention of the parties can no longer be carried into effect; . . . or if [the contract] cannot be enforced in its entirety; . . ., specific performance will be refused . . ."

Secondly, plaintiff cannot recover, for the reason that the orphans' court, which had jurisdiction in the proceeding to sell Mrs. MacMaster's interest in the property for the payment of her debts, etc., overruled plaintiffs' objection and authorized the sale of this decedent's interest to defendant corporation. No appeal was taken from that decree. Plaintiffs were precluded from attacking the decree collaterally in the present proceeding. In this state of the record, the learned court below legally could not have directed specific per-

formance as to the undivided three-fourths of Mrs. MacMaster. Therefore, it would have been improper to have decreed specific performance as to the one-fourth interest owned by Mrs. Litts and MacMaster, for that would be but a piecemeal enforcement of an entire contract. Plaintiffs' contract was for the purchase of the undivided three-fourths interest of Mrs. MacMaster, as well as the undivided one-fourth interest of her co-tenants in common. Where specific performance cannot be decreed against the owners of all the undivided interests in the real estate, certainly partial performance against some of the owners should not be directed.

Thirdly, the order of the court below must be sustained because the only obligation of the vendors under the contract, if unable to grant the premises clear of all encumbrances was to return to plaintiffs the hand money of $1500. Yet plaintiffs, until the present suit was brought by them, refused to take the property unless the vendors brought declaratory judgment proceedings to determine the effect of certain encumbrances on the land.

Lastly, plaintiffs' action was properly dismissed, because for a long period of time after their objection had been overruled by the orphans' court and a deed had been executed and delivered to defendant they stood idly by and apparently abandoned their claim. In the meantime, defendant had sold a large portion of the tract to others, the property had greatly increased in value and extensive improvement had been made by the present owners. Now, regardless of any encumbrances or building restrictions, plaintiffs are desirous of obtaining the property in question. Specific performance was properly withheld by the court below, inasmuch as it is clear that hardship and injustice would result: *Frederick Estate*, 156 Pa. Superior Ct. 547, 41 A. 2d 59. We said, in *Rennyson v. Rozell*, 106

Pa. 407, 413: "A vendee cannot enforce specific performance, when he has been guilty of laches or such conduct as was calculated to induce the other party to suppose that he had abandoned his contract . . . Lapse of time and change of circumstances will, in some cases, induce a chancellor to refuse a decree, even where time is not of the essence of the contract . . ."

Order affirmed, at appellants' costs.