## Cutone Estate

*M. Paul Smith*, for petitioner.

*Paul P. Wisler*, for respondents.

TAXIS, P. J., September 20, 1967.—Decedent died on May 5, 1966, intestate. He was survived by his widow, Marie (Petroni) Cutone, petitioner herein, and a son and daughter who were children of a prior marriage. Decedent and his wife were married on May 4, 1957.

On April 26, 1957, they entered into an antenuptial agreement which provided as follows, insofar as here relevant:

". . . it is the intention of the intended wife to waive, relinquish and bar all her inchoate, intestate and other rights or interests, either as the wife or widow of the party of the first part (decedent) in and to any property now owned by the party of the first part except as herein provided and excepted; . . .

"1. . . . intended husband shall, prior to the consummation of the intended marriage, make, execute and deliver a deed of conveyance, transferring and conveying title to the property now owned and occupied by him as his family home located at the intersection of Ridge Pike and Level Road, Collegeville, Pa., to himself and his intended wife, as tenants by the entireties; . . .

"2. . . . in the event the intended wife should survive him, . . . (the) administrators . . . of his estate, shall pay to her a sum of $200.00 monthly . . . during the term of her natural life or until she remarries . . .

"4. . . . should the intended wife survive her intended husband and marry again then whatever property she acquired by reason of her marriage to the intended husband shall revert to his estate . . ."

None of the parties to this litigation questions the validity of the agreement. However, a conveyance of the family home into a tenancy by the entireties was never made by decedent. Petitioner took no action to enforce the agreement during the life of her husband, but has now filed a petition seeking a decree ordering its specific performance. The petition describes the real estate, and then sets forth that decedent never conveyed the real estate as agreed, that petitioner is still the widow of decedent (that is, has not remarried), and requests the court ". . . to decree specific performance of said contract according to the true intent and meaning thereof".

Preliminary objections to the petition were filed by decedent's children and the administrator of the estate, contending that the court lacked jurisdiction and that the agreement for certain legal reasons was unenforceable. These preliminary objections were all dismissed in an opinion and order dated March 13, 1967. The matter has now been heard and argued on its merits.

Section 620 of the Fiduciaries Act of April 18, 1949, P. L. 512, under which this proceeding has been brought, confers upon this court the right to ". . . order specific performance of the agreement if it would have been enforced specifically had the decedent not died". Petitioner presented a prima facie case justifying such action by the introduction into evidence of the pertinent provisions of the antenuptial agreement, and by proof that such agreement had not been performed by decedent during his life. One of the best established and settled areas for the exercise of equity powers to compel performance of a con-

tract is in the case of a binding but unperformed agreement to sell or convey property. Thus, if the requested action is not proper under the circumstances, we must so determine from respondents' contentions, and we now turn to a brief consideration of them.

Respondents point out that certain language in the agreement, which it is not necessary to set forth here in full, contemplated the erection of a "future home" for decedent and petitioner, upon which the premises now in controversy were to have been reconveyed to decedent. Such a home was never built; and respondents urge that since petitioner did nothing for nine years to require performance in this respect, or to effect the conveyance now being sought, it would be unfair to enforce the agreement now that decedent can no longer explain what occurred in that period. However, we do not believe that there was any obligation on petitioner during the period of her marriage to decedent to insist upon the performance of the agreement. Perhaps in so doing she would have jeopardized her domestic relationship or perhaps not; but at the very least, no legal reason has been advanced to deprive petitioner of any remedy simply because she preferred to postpone acting until after decedent's death. See 27 A. L. R. 2d 905. Nor is there any indication in the record that the parties ever agreed to modify or alter any part of the agreement after they made it.

Respondents next argue that under present circumstances specific performance of only a portion of the contract can be decreed, and that this should not be done. This argument is based on the fact that some parts of the agreement to be personally performed by decedent were not performed by him before his death, and thus can never be; and also that the estate is not large enough to provide the $200 annuity, if the real estate here in controversy is awarded to petitioner.

But these are not reasons to refuse the remedy of specific performance to petitioner; they are only reasons why she may not receive all that she is due regardless of any decree entered. It is true, of course, that, in general, contracts should not be specifically enforced "piecemeal", and that where there has been a failure or partial failure of consideration, or where a substantial part of the quid pro quo is missing, specific performance is not available: Bannerot v. Davidson, 226 Pa. 287. Yet here petitioner is not in default; no part of her obligations are unperformed; the agreement bound her as well as decedent, and the marriage was entered into. The fact that petitioner cannot obtain complete performance of decedent's part of the agreement because of developments subsequent to its execution is no reason to deprive her of the performance that can be effectuated.

Having now decided that specific performance may be granted, it is necessary to determine the exact nature of the interest to which petitioner has a right, so that the decree may comport properly with the agreement of the parties. In her supplementary brief, petitioner claims a fee simple absolute interest, but after consideration we conclude that this contention is not supportable.

Paragraph 4 of the agreement governs the point. It creates a reversion to the estate of Angelo Cutone of any property acquired by petitioner "by reason of her marriage" should she survive and remarry. To avoid the effect of this provision, petitioner advances the following arguments.

She first contends that paragraph 4 does not apply here because her rights in the real estate were not acquired by reason of her marriage, but rather by virtue of a contract in which she yielded certain widow's rights to her intended husband. However, we cannot read this clause so narrowly, nor do we believe

that it contains any substantial ambiguity construable against decedent. It is mostly semantic to distinguish between rights obtained by petitioner through her marriage and rights obtained by her through the antenuptial agreement, which was a condition precedent to her marriage. Indeed, her entire claim here is based on an entireties interest which could not have been created in her at all unless she was married to decedent.

Petitioner also cites the rule that where an absolute interest in property is created, any subsequent attempt to diminish it must be by clear, definite and unquestionable language: Eberle v. Wood, 304 Pa. 403. We do not quarrel with the rule, but the language of this agreement is amply clear; the parties were quite definite in expressing their intent not to benefit a possible future husband of petitioner from this decedent's estate.

Petitioner finally argues that paragraph 4 of the agreement creates only contract rights in decedent's children as donee beneficiaries thereof in case of the remarriage of petitioner, and is not sufficiently specific to create a present executory interest in this particular parcel of real estate. With regard to specificity, there is no real difficulty in determining what property is subject to paragraph 4; it is any property, including this real estate, which petitioner obtains by virtue of her marriage to decedent. With regard to petitioner's other contention, the alleged donee beneficiaries will undoubtedly have certain contract rights regarding petitioner's duty to care for, maintain and preserve the property during her life, and also in case she should remarry; but regardless of terminology, it was the clearly expressed intention of the parties to the antenuptial agreement that certain rights in decedent's children should exist during the

lifetime of petitioner, and no reason has been set forth here for not enforcing such rights.

Any uncertainty herein is eliminated by Tallarico Estate, 425 Pa. 280, decided by the Supreme Court in April 1967. There, wife conveyed property to her husband and herself as tenants by the entireties in fee simple absolute, but simultaneously husband and wife entered into a written agreement that if either remarried, title to the property should then pass to their respective children. After holding that the execution of the deed and agreement constituted one transaction, the court found that the husband had a defeasible fee simple title to the property which was defeated upon his remarriage. In the case at hand, it is likewise clear that the promise to create a tenancy by the entireties and the conditioning of such tenancy on the continued widowhood of the survivor (contained as they were in the same written agreement), were both part of the same transaction, and thus there is no substantial difference between this case and Tallarico Estate.

In summary, therefore, we hold that Maria Petroni Cutone is entitled to specific performance of the antenuptial agreement dated April 26, 1957; further that she is entitled to a conveyance to her of the certain real estate situate at Ridge Pike and Level Road, Lower Providence Township, Montgomery County, Pa., as described in paragraph three of the petition for specific performance, subject to the condition that said conveyance shall be under and subject to the provisions of paragraph four of the said antenuptial agreement should she remarry; and that the administrator herein is authorized and directed to execute and deliver a deed in accordance with this decree, subject only to claims or interests in the said real estate which are prior or superior to that of Maria Petroni Cutone.